813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry BRUMMER, Appellant,
v.
BOARD OF ADJUSTMENT OF the CITY OF ASHEVILLE; John M. Acee,
Chairman of the Board of Adjustment, individually;
All other Board members, individually, Appellees,
and
Raymond Myers, individually; and wife, Mrs. Raymond Myers,
H.M. Heywood, individually; and wife, Pauline G.
Heywood, Defendants.
 No. 86-1547.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 21, 1986.
Decided Sept. 24, 1986.
 
 Before RUSSELL, SPROUSE and WILKINS, Circuit Judges.
 Harry Brummer, appellant pro se.
 Allan R. Gitter, Womble, Carlyle, Sandridge, Rice, for appellees.
 PER CURIAM:
 
 
 1
 This appeal comes before the Court on the appellees' motion to dismiss. Although many of Brummer's named defendants in this diversity action have been dismissed, two defendants remain. This Court has jurisdiction to review final decisions of the district court. 28 U.S.C. Sec. 1291. A final judgment is one that disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). In the instant case, the district court has left unresolved the liability of the remaining defendants, Raymond Myers and H.M. Heywood. The orders appealed, therefore, do not constitute a "final" judgment under Sec. 1291.
 
 
 2
 The district court did not direct entry of final judgment as to the dismissed claims, see Fed.R.Civ.P. 54(b); Doctor v. Seaboard Coast Line Railroad Co., 540 F.2d 699, 712 (4th Cir.1976). Likewise, the court did not certify the order for an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The order is not appealable under the exceptions of 28 U.S.C. Sec. 1292(a), nor may the order be treated as final under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949).
 
 
 3
 Accordingly, we grant the appellees' motion and dismiss this appeal as interlocutory. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DISMISSED.